**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Mandel, | No. CV-13-02100-PHX-JZB |
| Plaintiff, | **ORDER** |
| v. | |
| Associated Collection Service Incorporated, | |
| Defendant. | |

Pending before the Court is Plaintiff's Motion for Partial Summary Judgment on Count III of her Complaint, in which she alleges that Defendant violated section 1692e(16) of the Fair Debt Collection Practices Act ("FDCPA"). (Doc. 31.) For the reasons below, the Court will grant Plaintiff's Motion.

**I.  Background[1]**

Defendant is a debt collection agency that attempted to collect a debt allegedly owed by Plaintiff. (Doc. 33 at 2.) On April 8, 2013, Defendant sent Plaintiff an "Asset Investigation Notice" stating that because Plaintiff has not agreed to pay his debt, Defendant "has no other option than to do an asset investigation." (Doc. 1 ¶ 14; Doc. 1-2.) Further, Defendant included the following text at the top of its letter:

---

[1] Defendant did not file with its Response a Statement of Controverting facts as required by Rule 56.1 of the Local Rules of Civil Procedure. Further, in its Response, Defendant does not dispute any of the assertions in Plaintiff's Statement of Facts. (Doc. 33 at 2.) The Court therefore assumes that Defendant does not dispute any of the facts included in Plaintiff's Statement of Facts. *See* LRCiv 56.1.

ASSOCIATED COLLECTION SERVICE, INC
Affiliated with Trans Union Credit

*Id.*

On October 15, 2013, Plaintiff filed his Complaint, asserting in Count III that by including "Affiliated with Trans Union Credit" at the top of its letter to Plaintiff, Defendant "falsely represent[ed] or impl[ied] that Defendant operates or is employed by a consumer reporting agency" in violation 15 U.S.C. § 1692e(16).[2] (Doc. 1 ¶¶ 14, 16, 23.) Plaintiff now seeks summary judgment on this claim.

## II. Legal Standards

### a. The FDCPA

The FDCPA is a remedial statute designed to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692. The FDCPA regulates the conduct of debt collectors, imposing affirmative obligations and prohibiting abusive practices. *See* 15 U.S.C. §§ 1692 –1692p.

The FDCPA does not ordinarily require proof of an intentional violation and is a strict liability statute. *See McCollough v. Johnson*, *Rodenburg & Lauinger, LLC*, 637 F.3d 939, 948 (9th Cir. 2011). Moreover, even a single violation of the act is sufficient to support liability. *See Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232, 1238 (5th Cir. 1997). Although the Federal Trade Commission ("FTC") is empowered to enforce the FDCPA, 15 U.S.C. § 1692l, aggrieved individuals are also authorized to bring suit under this statute. *See Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (noting that the FDCPA is a fee shifting statute to encourage private enforcement of the law).

To prevail on his § 1692e claim, Plaintiff must establish that: (1) he is a consumer as defined in 15 U.S.C. § 1692a(3); (2) Defendant is a debt collector as defined in 15

---

[2] The parties do not dispute that Trans Union Credit is a "Consumer Reporting Agency" as defined by 15 U.S.C. § 1681a(f). (Doc. 31 at 4; Doc. 33.)

U.S.C. § 1692a(6); and (3) Defendant engaged in any act or omission in violation of the FDCPA. *See Isham v. Gurstel, Staloch & Chargo, P.A.*, 738 F. Supp. 2d 986, 991-92 (D. Ariz. 2010) (discussing the FDCPA). The parties do not dispute that Plaintiff is a consumer and that Defendant is a debt collector under the FDCPA. (Doc. 32 ¶¶ 1-2; Doc. 33 at 2.) However, as set forth below, the parties dispute whether Defendant's conduct violated the FDCPA.

### b. Claims Under 15 U.S.C. § 1692e

15 U.S.C. § 1692e provides the following:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> . . . .
>
> (16) The false representation or implication that a debt collector operates or is employed by a consumer reporting agency as defined by section 603(f) of this Act [15 USCS § 1681a(f)].

"Whether conduct violates [§] 1692e . . . requires an objective analysis that takes into account whether the 'least sophisticated debtor would likely be misled by a communication.'" *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1030 (9th Cir. 2010) (quoting *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 934 (9th Cir. 2007)); *see also Swanson v. S. Or. Credit Serv., Inc.*, 869 F.2d 1222, 1227 (9th Cir. 1988). "The 'least sophisticated debtor' standard is 'lower than simply examining whether particular language would deceive or mislead a reasonable debtor.'" *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1061-62 (9th Cir. 2011). "Most courts agree that although the least sophisticated debtor may be uninformed, naive, and gullible, nonetheless her interpretation of a collection notice cannot be bizarre or unreasonable." *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 2017 (9th Cir. 2012). In the Ninth Circuit, a debt collector's liability under § 1692e of the FDCPA is a question of law. *Gonzales, LLC*, 660 F.3d at 1061 n.4 ("Because liability under § 1692e is an issue of law, Arrow's

argument that this court should remand for a jury trial on liability necessarily fails. We recognize that in other circuits, whether a communication is likely to mislead the least-sophisticated debtor is an issue of fact.").

Further, "[t]he purpose of [1692e] is to prevent debt collectors from coercing payments from debtors by falsely leading them to believe that the failure to pay the debt will adversely affect the debtor's credit rating and ability to obtain credit." *Pettit v. Retrieval Masters Ceditor Bureau, Inc.*, 211 F.3d 1057, 1060 (7th Cir. 2000). A "debt collection letter is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Gonzales*, 660 F.3d at 1062 (citation omitted). "[A] consumer possesses a right of action even where the defendant's conduct has not caused him or her to suffer any pecuniary or emotional harm." *Tourgeman v. Collins Fin. Servs.*, 755 F.3d 1109, 1117 (9th Cir. 2014). "An FDCPA plaintiff need not even have actually been misled or deceived by the debt collector's representation; instead, liability depends on whether the *hypothetical* 'least sophisticated debtor' likely would be misled." *Id.* at 1117-18.

Finally, "[i]n assessing FDCPA liability, [the Ninth Circuit Court is] not concerned with mere technical falsehoods that mislead no one, but instead with genuinely misleading statements that may frustrate a consumer's ability to intelligently choose his or her response." *Donohue*, 592 F.3d at 1034. In other words, a debt collector's false or misleading representation must be "material" in order for it to be actionable under the FDCPA. *Id.* at 1033. "The purpose of the FDCPA, 'to provide information that helps consumers to choose intelligently,' would not be furthered by creating liability as to immaterial information because 'by definition immaterial information neither contributes to that objective (if the statement is correct) nor undermines it (if the statement is incorrect).'" *Id.* (quoting *Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 757-58 (7th Cir. 2009)). Thus, "false but non-material representations are not likely to mislead the least sophisticated consumer and therefore are not actionable under [section] 1692e." *Id.*

## III. Analysis

In his Motion, Plaintiff argues that "an unsophisticated consumer may . . . reasonably believe that by using 'Affiliated with Trans Credit Union' in its letterhead, Defendant operates or is employed by a consumer reporting agency." (Doc. 31 at 5.) Plaintiff further contends that Defendant is admittedly not affiliated with Trans Credit Union based on its response to Plaintiff's Interrogatory No. 21 and, therefore, Defendant's use of the phrase "Affiliated with" is false. (*Id.* at 6.) Defendant asserts that as a matter of law, the language in Defendant's letter does not falsely imply that Defendant operates or is employed by a credit reporting agency. Alternatively, Defendant asserts that even if false, Defendant's representation or implication is not material. (Doc. 33 at 1-2.) The Court addresses these arguments below.

### a. Defendant's Relationship with Trans Union Credit

First, Plaintiff contends that the phrase "Affiliated with Trans Union Credit" in Defendant's letter has different potential meanings, at least one of which is false. (Doc. 31 at 5-6.) Plaintiff propounded the following Interrogatory on Defendant:

> 21. Is Defendant affiliated with any other organization (e.g., common ownership, parent companies, overlapping offices or managers or common facilities or employees)? If so, describe the affiliation and identify the participants.

Plaintiff asserts, and Defendant concedes, that Defendant responded "none" to this Interrogatory. (Doc. 32 ¶ 6; Doc. 33-1 ¶ 3.) With its Response, Defendant presents a Declaration by President and Collection Manager Marilyn Hamilton, which alleges that Defendant responded "none" to the at-issue Interrogatory because "Plaintiff specifically defined the term *affiliated with* as meaning 'common ownership, parent companies, overlapping offices or managers or common facilities or employees.'" (Doc. 33-1 ¶ 3.) The Court notes that Plaintiff's Interrogatory includes examples of affiliations, but does not define "affiliated with" to only include those examples. Regardless, there is no dispute that Defendant does not have common ownership, a parent company, or overlapping offices, managers, common facilities, or employees with any other

- 5 -

organization, including Trans Union Credit.  (*Id.*)

Rather, Defendant defines its relationship with Trans Union Credit as a "vital business relationship," giving Defendant "the right to obtain consumer credit information (such as [Plaintiff's] credit bureau report) from and report consumer credit information (such as the debt [Plaintiff] owes to its client) to Trans Union Credit."  (Doc. 33 at 4; Doc. 33-1 ¶ 2.)  "Prior to establishing [this] business relationship with Trans Union Credit," Defendant claims,  Trans Credit Union "required a field representative to go to [Defendant's] office and verify [Defendant] was a bona fide debt collection agency and an ongoing business concern that had a right (permissible purpose) under federal and state laws to obtain credit bureau reports on consumers absent their consent."  (Doc. 33-1 ¶ 2.)

Defendant further asserts that it "identifies this vital business relationship to debtors by disclosing that it is 'affiliated with Trans Credit Union.'" (*Id.* ¶ 3.)  Defendant does not argue or provide any evidence that its relationship with Trans Union Credit, which is tenuous at best, is any different than the relationship Trans Union Credit has with every other debt collection agency, i.e., that Defendant has a special contractual relationship with Trans Union Credit that other debt collectors do not enjoy.

### b. Defendant's use of the phrase "Affiliated with" has at least one meaning that does not accurately describe Defendant's relationship with Trans Union Credit.

In determining whether Defendant violated the FDCPA, the Court must determine the likely meaning, as understood by the least sophisticated debtor, of the phrase "Affiliated with" as used in Defendant's April 8, 2013 letter.  The term "affiliated" is not specifically defined by the FDCPA.  Blacks' Law Dictionary generally defines the term "affiliate" as: "A corporation that is related to another corporation by shareholdings or other means of control; a subsidiary, parent, or sibling corporation." Black's Law Dictionary (9th ed. 2009).  A similar definition has also been used by the Ninth Circuit Court in the context of evaluating claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227:

> The term "affiliate" carries its own, independent legal significance. "Affiliate refers to a 'corporation that is related to another corporation by shareholdings or other means of control . . . .'" *Delaware Ins. Guar. Ass'n v. Christiana Care Health Servs., Inc.*, 892 A.2d 1073, 1077 (Del. 2006) (quoting Black's Law Dictionary 59 (7th ed. 1999)). The plain and ordinary meaning of "affiliate" supports this definition as "a company effectively controlled by another or associated with others under common ownership or control." Webster's Third New International Dictionary 35 (2002). The record confirms that Nextones neither owns nor controls Simon & Schuster, nor can Nextones be considered a Simon & Schuster subsidiary. In fact, the record shows no direct contractual relationship between Nex-tones and Simon & Schuster.

*Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 955 (9th Cir. 2009); *see also Gammon v. GC Servs. Td. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994) ("'Affiliate' is defined as 'signifying a condition of being united; being in close connection, allied, associated, or attached as a member or branch.' Black's Law Dictionary 58 (6th ed. 1990).").

Defendant argues that the definition of the term "affiliate" is not instructive here because Defendant's letter uses the phrase "Affiliated with." (Doc. 33 at 3-4.) Defendant further argues that Plaintiff fails to present any evidence that use of the specific phrase "Affiliated with" means anything more than "a business relationship with." (*Id.*)

Defendant's argument that the definition of "affiliate" does not relate to the phrase "Affiliated with" is without merit. The terms "affiliate" and "affiliated" are different forms of the same word, and the substantive meaning of the terms is the same. Further, Defendant fails to cite to any authority that the phrase "Affiliated with" means the kind of relationship that Defendant has with Trans Credit Union—a general "business relationship" wherein Defendant is able to report credit information to, and pull credit information from, Trans Union Credit. To the contrary, as detailed above, Ninth Circuit authority and common usage indicate that the phrase means "a company effectively controlled by another or associated with others under common ownership or control." Here, there is no dispute that this definition does not accurately describe Defendant's

relationship with Trans Union Credit.  (Doc. 32 at 2; Doc. 34.)   Further, even if "affiliated with" can also mean a more informal business relationship, Defendant's statement would still be misleading because it has two different meanings, one of which is not accurate here.  Accordingly, the phrase "Affiliated with" as used in Defendant's letter has at least one meaning that does not accurately describe Defendant's relationship with Trans Union Credit.

### c. Defendant's use of the phrase "Affiliated with" falsely represents or implies that Defendant operates or is employed by a consumer reporting agency.

Defendant further argues that summary judgment in Plaintiff's favor is not appropriate because the phrase "Affiliated with," even if false, does not mean that Defendant operates or is employed by a consumer reporting agency.  (Doc. 33 at 4-5.) Specifically, Defendant argues that "[b]y using affiliated with in [§ 1692e(1)] and operates and employed by in [§ 1692(16)], [C]ongress is presumed to have employed different meanings for the words," and "a debt collection agency is put on notice that [] the use of that word 'affiliated' when describing a relationship with a credit reporting agency is fundamentally different in nature than describing the relationship as one where the debt collection agency operates or is employed by a credit reporting agency."  (Doc. 33 at 5.)

The Court disagrees.  First, although the phrase "Affiliated with" may be more general and ambiguous than the terms "operates" or "employed by," by its legal or common usage definition detailed above, "affiliated with" represents or implies "a company controlled by another or associated with others under common ownership or control."   Therefore, the least sophisticated debtor could reasonably believe that Defendant either operates or is employed by Trans Union Credit based on Defendant's use of the phrase "Affiliated with" in its letter.

Likewise, Congress' interpretations of the meanings of the relevant terms are not dispositive here.  As discussed at length above, the applicable standard is whether the least sophisticated debtor would likely be misled by the statement.  Further, even if

- 8 -

Congress intended the at-issue phrases to have different meanings, Defendant fails to provide any support for the assertion that Defendant can escape liability under 1692e by using the more ambiguous phrase "Affiliated with" instead of more specifically stating "operates or employed by." The Ninth Circuit Court has made clear that a debt collector cannot escape liability under the FDCPA for a misleading statement just because the language it used is conditional or ambiguous. *Gonzales*, LLC, 660 F.3d at 1062 ("Arrow is also correct that faced with ambiguous language, an unusually savvy consumer (such as Gonzales) would seek clarification of whether his debt could be reported. We are not, however, to read the language from the perspective of a savvy consumer, and consumers are under no obligation to seek explanation of confusing or misleading language in debt collection letters.").

Defendant further argues that any ambiguity as to "whether Defendant operates or is employed by a consumer reporting agency" is resolved by reading the letter in its entirety, including: (1) a statement at the bottom of the letter that "[t]his is an attempt to collect a debt by a debt collector and any information obtained will be used for that purpose"; and (2) a statement in the body of the letter that Defendant will be conducting an asset investigation that may include, among other things, a credit bureau inquiry. (Doc. 33 at 6-7.) Defendant cites *Pettit*, 211 F.3d at 1061, to support this argument.

The Court finds that even when reading the letter as a whole, Defendant's statement is misleading. Importantly, the facts in *Pettit* are distinct from the facts here. In *Pettit*, the Court addressed the issue of whether the debt collector's name indicated that the collector *was actually itself* a credit bureau. *Id.* at 1061. Here, Defendant's use of the phrase "Affiliated with" could reasonably be interpreted by the least sophisticated debtor to mean that Defendant operates or is employed by a consumer reporting agency, even if Defendant is still a separate entity. Therefore, Defendant's statements indicating that it is a separate entity from a credit reporting bureau does not rectify the misrepresentation. *See Gonzales*, 660 F.3d at 1062.

Accordingly, the Court finds that Defendant's use of the phrase "Affiliated with

Trans Union Credit" falsely represents or implies that Defendant operates or is employed by a consumer reporting agency in violation of 15 U.S.C. § 1692e(16).

### d. Defendant's false representation or implication is material.

Finally, Defendant argues that even if false, the misrepresentation or implication is not material and, therefore, Defendant is not liable under the FDCPA. The Court again disagrees.

The Ninth Circuit Court's treatment of the facts in *Donohue*, a case cited by Defendant, is instructive here. In that case, the court held that the defendant debt collector's Complaint violated 1692e because the Complaint stated that:

> Donohue owed an interest payment of $32.89 calculated by applying 12% annual interest to the principal owed. That statement is not entirely accurate. $32.89 is actually comprised of two components: $24.07 in pre-assignment finance charges assessed by Children's Choice and calculated at the rate of 1.5% per month, and $ 8.82 in post-assignment interest calculated at an annual rate of 12%.

592 F.3d at 1032. The Court found that the inaccurate representation was not material because the total debt owed was accurately stated in the Complaint; it was just the label for at least one of the two sums comprising the total debt that was technically incorrect. *Id.* at 1034. The Court held that even if the Complaint had separated the amount into interest and finance charges, the Court could "conceive of no action Donohue could have taken that was not already available to her on the basis of the information in the Complaint." *Id.*

Here, in contrast, Defendant's statement may frustrate a consumer's ability to intelligently choose his or her response because it potentially misleads a consumer into believing that Defendant shares control or ownership with a consumer reporting agency. Such a misleading statement is prohibited by the Act. 15 U.S.C. § 1692e(16); *Tourgeman*, 755 F.3d at 1121 ("Unlike mislabeling portions of a total debt as principal rather than interest—literally false, but meaningful only to the 'hypertechnical' reader"— factual errors that "could easily cause the least sophisticated debtor to suffer a disadvantage in charting a course of action in response to the collection effort," are

- 10 -

material.). Further, as was the case in *Gammon*, 27 F.3d at 1257, the language in Defendant's letter "appears to be cleverly drafted in order to insinuate what obviously cannot be stated directly. It is difficult to imagine what end [Defendant] intended to accomplish with its statement other than the intimidation of unsophisticated consumers with the power of having [a consumer reporting agency] in its corner, or at least at its disposal." Additionally, one of the purposes of the FDCPA is to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantage." 15 U.S.C. § 1692e. Defendant's conduct here appears to seek such an impermissible advantage in violation of the FDCPA.

In support of its argument that the false representation or implication is not material, Defendant relies on Ms. Hamilton's statement in her Declaration that she "does not recall a single occasion where a debtor inquired whether Associated Collection Service, Inc. operates or is employed by Trans Union Credit." (Doc. 33 at 4.) This fact, even if true, does not show that Defendant's misleading language here is immaterial to the least sophisticated debtor. Further, Defendant's argument that the statement is not material because "'it is a well-known fact, recognized by all consumers, regardless of the degree of their sophistication, that a failure to pay one's bills will affect his ability to obtain credit in the future'" is without merit. (Doc. 33 at 6.) Defendant's assertion does not address the specific issue here—whether Defendant's statement would mislead the unsophisticated debtor. The Ninth Circuit has made clear that misleading representations that could impact the consumer's decision-making process are material. *See Tourgeman*, 755 F.3d at 1121. Here, Defendant's statement "could easily cause the least sophisticated debtor to suffer a disadvantage in charting a course of action in response to the collection effort." *Id.* Therefore, Defendant's false representation or implication is material.

Accordingly,

**IT IS ORDERED** that Plaintiff's Partial Motion for Summary Judgment (Doc. 31) related to Count III of the Complaint is granted as to liability. The Court will proceed to trial as to damages related to Count III of the Complaint.

**IT IS FURTHER ORDERED** that the remaining Counts in the Complaint (Counts I and II) shall proceed to trial. Plaintiff has demanded a jury trial on the remaining Counts, which each allege violations of 15 U.S.C. § 1692e, and the parties' briefing on Plaintiff's Partial Summary Judgment Motion indicates that they believe Plaintiff's claims should proceed to a jury trial. However, the Ninth Circuit Court has held that a debt collector's liability under § 1692e of the FDCPA is a question of law. *Tourgeman*, 755 F.3d at 1119; *Gonzales*, 660 F.3d at 1061 n.4 ("Because liability under § 1692e is an issue of law, Arrow's argument that this court should remand for a jury trial on liability necessarily fails. We recognize that in other circuits, whether a communication is likely to mislead the least-sophisticated debtor is an issue of fact."). Accordingly, on or before **April 17, 2015**, the parties shall each file supplemental briefing as to whether Plaintiff's remaining claims should proceed to a bench trial or to a jury trial under Ninth Circuit law.

Dated this 31st day of March, 2015.

Honorable John Z. Boyle
United States Magistrate Judge